Jones & Sternberg by Samuel R. Jones, Waco, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant stands charged by indictment of rape by force, and brings this appeal from an order of the district judge refusing to grant him bail.

At the hearing, the prosecutrix, a sixty-eight-year-old widow whose husband had died just three days before the offense was committed, testified that she lived alone and that on the Sunday night in question a man entered her home and committed an assault and rape upon her. She related that in the assault the man produced a knife, held it to her back, and threatened to stab it through her; that he "drug her from one room to another," ripped off her clothes, and had intercourse with her more than once.

It was shown that, following his arrest, appellant made a written statement to the officers in which he confessed his guilt of the offense.

In keeping with the rule followed by this court in cases of this character, we refrain from a further discussion or comment upon the evidence but express the conclusion that the trial judge did not abuse his discretion in denying bail.

The judgment of the trial court refusing bail is affirmed.

Opinion approved by the Court.

**COLLINGSWORTH COUNTY, Appellant,**

v.

**Hugh GROGAN, Appellee.**

No. 7181.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 22, 1962.

R. L. Templeton, Wellington, for appellant.

Guy Hardin, Shamrock, for appellee.

DENTON, Chief Justice.

This is an action instituted by Collingsworth County seeking a permanent injunction to restrain Hugh Grogan from closing or attempting to close an alleged public road which passes through the property owned by Grogan. After granting a temporary injunction, the trial court, after a hearing before the court, dismissed the injunction and the County has duly perfected this appeal.

The sole question to be decided is whether or not the roadway across Grogan's property became a public road by prescription. It was stipulated by the parties that the road had been used by the public for more than twenty years, and it is undisputed the County maintained the road from time to time.

It is well settled in this state that a public right-of-way by prescription can be established only by showing an uninterrupted use by the public under an adverse claim of right. The use of roads by the public as a roadway with the acquiescence of the owner, will not ripen into a prescriptive right, no matter what period of time such use may continue, unless the evidence shows that such use was by claim of right adverse to the landowner, of which adverse claim the landowner has notice. Ladies' Benevolent Society of Beaumont v. Magnolia Cemetery Co., (Tex.Com.App.), 288 S.W. 812; Othen v. Rosier, 148 Tex. 485, 226 S.W.2d 622; Schultz v. Shatto, 150 Tex. 130, 237 S.W.2d 609; O'Connor v. Gragg, 161 Tex. 273, 339 S.W.2d 878.

The record contains no evidence that the use of the roadway in question was adverse to the claim of Grogan. To the contrary, a former County Commissioner testified the road was used by permission of Grogan and his father before him. A former County Judge, who was in office at the time the road was secured, testified the road was to be used as a temporary route, with the permission of the landowner. Grogan substantiated this testimony, and further told of his dealings with the individual County Commissioners and the Commissioners' Court in which he sought to have the County open a road around his property which had been laid out many years previously. Largely due to financial reasons, the proposed road around the Grogan property was never completed. It is our opinion that under the record and the authorities cited above, the use of the road by the public did not ripen into a prescriptive right. The County was therefore not entitled to the injunction prayed for.

The judgment of the trial court is accordingly affirmed.